**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIP HARTMAN,

　　　　　　Petitioner-Appellee,

v.

AUSTIN KNUDSEN; MARCIA BORIS,

　　　　　　Respondents-Appellants.

No.　22-35694

D.C. No. 9:22-cv-00057-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted May 10, 2023
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

The State of Montana appeals the district court's order granting Kip

Hartman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on double

jeopardy grounds.  "We review de novo a district court's decision granting or

denying a petition for a writ of habeas corpus filed pursuant to [28 U.S.C.]

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 2241," *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009), and we review "[a] judicial determination of manifest necessity . . . for abuse of discretion," *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008). We affirm.

The district court did not err in granting Hartman's petition for writ of habeas corpus on double jeopardy grounds because the state trial court abused its discretion in declaring a mistrial out of manifest necessity. The Double Jeopardy Clause of the Fifth Amendment protects "a defendant's valued right to have his trial completed by a particular tribunal." *Wade v. Hunter*, 336 U.S. 684, 689 (1949). While this right "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments," *id.*, there must be a "high degree" of necessity, referred to as "manifest necessity," before a court may conclude that a mistrial is appropriate over the objection of the defendant, *Arizona v. Washington*, 434 U.S. 497, 505–06 (1978). Courts may properly find manifest necessity "to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial," *Illinois v. Somerville,* 410 U.S. 458, 464 (1973), or a mistrial is needed to "afford[] the prosecutor one full and fair opportunity to present his evidence to an impartial jury," *Washington*, 434 U.S. at 505.

2

The trial court here did not identify any events giving rise to the high degree of necessity for a mistrial that courts have previously recognized. There was no obvious procedural error in the trial that would require reversal on appeal; the record does not establish that Hartman's counsel provided ineffective assistance of counsel or that counsel had a conflict of interest with his client "that affected counsel's performance." *Mickens v.Taylor*, 535 U.S. 162, 171 (2002) (emphasis removed). Nor was the declaration of a mistrial necessary to protect the State's right to a fair trial, since the prosecutor agreed to cooperate to streamline the remainder of the trial. Instead, the trial court determined that declaring a mistrial was necessary because it had set a limited amount of time for trial and declined, based on docket management concerns, to extend this time frame for a period sufficient to allow Hartman to exercise his Sixth Amendment right to testify on his own behalf. Such time-management concerns do not rise to the high degree of necessity required before depriving Hartman of his "valued right to have his trial completed by a particular tribunal." *Wade*, 336 U.S. at 689. Moreover, because the trial court did not "consider[] plausible alternatives" to declaring a mistrial, the trial court deserves little deference for its decision. *Chapman*, 524 F.3d at 1082.

Accordingly, we conclude that the trial court abused its discretion in declaring a mistrial, and the Double Jeopardy Clause bars a retrial of Hartman.

3

**AFFIRMED.**